UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GRACE SHERK, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

AUDIBLE, INC.,

Defendant.

CASE NO. 25-cv-01137-JHC

ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**I**

**INTRODUCTION**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. Dkt. # 37. Plaintiff Grace Sherk brings claims for unjust enrichment under New York and New Jersey law individually and on behalf of a putative class of similarly situated individuals. Dkt. # 1. Audible seeks dismissal, contending that Sherk's complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. # 37. For the reasons below, the Court GRANTS the motion and DISMISSES the complaint without prejudice. The Court GRANTS Plaintiff leave to amend the complaint.

ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 1

## II

### BACKGROUND

Audible—a wholly owned subsidiary of Amazon.com, Inc. (Amazon)—provides access to digital audiobooks and other audio content that customers can buy individually or by paying a monthly subscription for an Audible membership.  Dkt. # 1 at 1 ¶¶ 2-3.[1]  Sherk says Audible engaged in "nonconsensual enrollment" by "target[ing] Amazon account holders for enrollment in a subscription to an Audible membership through a process that was not clear to these consumers.  Many Amazon account holders, including Plaintiff, had no idea that they were enrolled in a paid membership to Audible or knew of Audible's relationship to Amazon until they later saw the monthly charges from Audible on their payment method stored with Amazon."  Dkt. # 1 at 1, 3 ¶¶ 2, 14; *see* Dkt. # 1 at 11-12 ¶¶ 57-59, 65.  Sherk further alleges "Audible did not adequately disclose" enrollment in the monthly membership and made it difficult to unsubscribe; she says that Audible continued to charge through multiple payment methods on file with Amazon, even after enrollees tried to unsubscribe.  Dkt. # 1 at 3 ¶¶ 15-16, 35.

Sherk was enrolled in Audible on or about October 16, 2020.  Although she "does not know the details of how she was enrolled in the monthly Audible subscription," "she knows that she never enrolled in an Audible membership through Audible's website or app," "never affirmatively authorized Audible to enroll her in an Audible subscription," and "never provided to Audible her personal and billing information."  Dkt. # 1 at 10 ¶¶ 48-51.  Sherk was charged a monthly fee for about eight months for a total of $48.10.  Dkt. # 1 at 10 ¶ 52.  Sherk says she never used the subscription service and because Audible failed to provide "clear and conspicuous

---

[1] The factual background derives from Sherk's Complaint, Dkt. # 1, which the Court accepts as true on a Rule 12(b)(6) motion to dismiss.  *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

notice that she had been enrolled in an Audible membership," she was unaware of the subscription until she had been charged.  Dkt. # 1 at 10 ¶¶ 53-55.

On March 11, 2025, Sherk filed suit.[2]  *See* Dkt. # 1.  Sherk alleges Audible wrongfully enriched itself because "[s]ince at least 2018, Audible knew or should have known that Nonconsensual Enrollments were widespread, but Audible did not take any corrective action because such corrective action would negatively impact its subscriptions and revenue."  Dkt. # 1 at 8 ¶¶ 36-40.  She contends Audible unjustly enriched itself at the expense of Sherk and similarly situated class member under New Jersey and New York law.  Dkt. # 1 at 14-15.

Audible moves to dismiss the Complaint, contending that it fails to state a claim upon which relief may be granted.  Dkt. # 37.  After the motion was briefed, Audible submitted a notice of supplemental authority.  Dkt. # 40.   The Court then ordered supplemental briefing, requesting analysis specific to New Jersey and New York law, which the parties provided.  Dkt. ## 41, 44 & 45.

## III
### DISCUSSION

A.      Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Dismissal is proper only if the plaintiff has not alleged a

---

[2] This matter was filed in the District of New Jersey and was then transferred to this Court.  *See* Dkt. # 16.

ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 3

"cognizable legal theory" or there is an "absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd.*, 416 F.3d at 946. The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). But a "'court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)).

B.    New Jersey & New York Law

Sherk brings an independent cause of action for unjust enrichment under New Jersey and New York law on behalf of herself and a putative class. To prevail on a claim for unjust enrichment under New Jersey law, a plaintiff "must demonstrate that [defendant] 'received a benefit and that retention of that benefit without payment would be unjust.'" *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 240 (3d Cir. 2020) (quoting *Thieme v. Aucoin-Thieme*, 227 N.J. 269, 151 A.3d 545, 557 (2016)). Whereas "[t]he basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) (citing *Clark v. Daby*, 300 A.D.2d 732, 751 N.Y.S.2d 622, 623 (2002)); *see also Donachy v. Intrawest U.S. Holdings, Inc.*, 2012 WL 869007, at *8 (D.N.J. Mar. 14, 2012) (under

ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 4

both New Jersey and New York law "a finding of unjust enrichment requires that there be some injustice").[3]

C.    Analysis

The Court's analysis turns on whether the circumstances Sherk alleges, if proved, would show Sherk conferred a benefit upon Audible and Audible's retention of that benefit is unjust. As the Court reads the parties' briefing, injustice, or wrongdoing on Audible's part, could be found (1) after enrollment when Sherk alleges Audible was aware of the "nonconsensual" enrollees but still charged them and (2) during enrollment when the alleged "nonconsensual" enrollment occurred. *See* Dkt. # 39 at 10.

As to the first issue, Sherk argues that there was an unjust enrichment because "Audible knew, or should have known, for years that it was charging consumers for unknown, unwanted, and unused monthly Audible memberships." Dkt. # 38 at 3; *see also* Dkt. # 1 at 2. But the only fact Sherk alleges to support this conclusory allegation is that she never used her membership.

---

[3] New Jersey law seems to possibly require plaintiff to "also show 'that it expected remuneration from [defendant] at the time it performed or conferred [that] benefit on [defendant] and that the failure of remuneration enriched [defendant] beyond its contractual rights." *Plastic Surgery Ctr., P.A.*, 967 F.3d at 240. In her supplemental brief, Sherk has identified caselaw that may obviate the need to make this additional allegation. *See McLaren v. UPS Store, Inc.*, 2025 WL 3238934, at *12 (D.N.J. Nov. 20, 2025) (citing *Matusow v. Izanec*, 2021 WL 3417934, at *23 (N.J. Super. Ct. App. Div. Aug. 5, 2021) ("a party must show either the expectation of remuneration or the conferral of a benefit and, in either circumstance, 'that the retention of that benefit without payment would be unjust.'") (emphasis in original)); *but see Katz v. Ambit Ne., LLC*, 2023 WL 2570147, at *3 (D.N.J. Mar. 20, 2023) (dismissing, in part, because "Plaintiff denies having noticed any relationship with Defendant during the relevant time period, which suggests Plaintiff could not have expected remuneration from Defendant when he paid"). In its supplemental briefing, Audible says Sherk is effectively trying to assert a standalone tort claim rather than quasi-contract claims as required under both New Jersey and, to a lesser extent, New York law. Dkt. # 44 at 7-9; *see Cafaro v. HMC*, 2008 WL 4224801, at *12 (D.N.J. Sept. 8, 2008) (New Jersey "does not recognize unjust enrichment as an independent tort cause of action"); *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 944 N.E.2d 1104 (2011) (dismissing because of a "lack of allegations that would indicate a relationship between the parties, or at least an awareness by [plaintiff] of [defendant]'s existence. Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated."). Because Sherk has not had a chance to respond and the Court has determined dismissal is appropriate regardless, it need not consider the question now.

ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 5

The Court assumes Audible knew this as it seems plausible that Audible would track use of its product. *See Iqbal*, 556 U.S. at 679 (determining the plausibility threshold is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). But still, without more, Audible's knowledge of Sherk's membership use (or lack thereof) does not plausibly give rise to the inference that Audible knew or should have known that Sherk's membership was unknown and unwanted; let alone, an inference that Audible's retention of payment for unused services was unjust.[4] Dkt. # 1 at 10. The pleadings do not allege Sherk had any problems disenrolling or that Audible continued charging her once they were made aware her membership was unwanted. *See* Dkt. # 1 at 10-11.

There are plenty of lawful (and more plausible) reasons for why a membership may go unused. *Nguyen v. Mercer Island Boys Basketball Booster Club*, 2023 WL 8449379, at *5 (W.D. Wash. Dec. 6, 2023) ("Where the facts alleged are consistent with both lawful and unlawful conduct, they do not raise a plausible inference of liability."). While all reasonable inferences are drawn in Sherk's favor, without a factual allegation showing how Audible knew these enrollees were unknown and unwanted, no inference can be drawn from the fact Audible knew memberships were not being used. *Donachy*, 2012 WL 869007, at *9 ("Where, as here, Plaintiffs have failed to aver allegations sufficient to support the underlying conduct on which the unjust enrichment claim is based, there is no injustice and Plaintiffs' unjust enrichment claim must be dismissed.").

---

[4] The Court agrees with Audible that Sherk cannot use a complaint from ongoing litigation in *Fed. Trade Comm'n v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297 (W.D. Wash. 2024), as a factual showing for what Audible knew or should have known, and so to the extent that Sherk relies on the complaint for factual allegations, the Court will disregard them. Dkt. # 39 at 10-11; *see Metro. Creditors' Tr. v. Pricewaterhousecoopers, LLP*, 463 F. Supp. 2d 1193, 1198 (E.D. Wash. 2006).

ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 6

As to the second issue, Audible says Sherk's complaint fails because Sherk does not "allege facts showing that Audible enrolled customers without consent in the first place." Dkt. # 39 at 10. The Court agrees. Sherk alleges that:

> Audible targeted Amazon account holders for enrollment in a subscription to an Audible membership through a process that was not clear to these consumers. Many Amazon account holders, including Plaintiff, had no idea that they were enrolled in a paid membership to Audible or knew of Audible's relationship to Amazon until they later saw the monthly charges from Audible on their payment method stored with Amazon . . . Audible did not adequately disclose Nonconsensual Enrollment in a monthly Audible membership. Nonconsensual Enrollees did not receive clear and conspicuous written materials from Audible confirming enrollment or notifying them of monthly charges.

Dkt. # 1 at 3.

While the Complaint does not specifically allege what this unclear "process" was, based on the online forum posts quoted in the Complaint, it can be inferred that enrollees became members without their knowledge when they signed up for Amazon Prime and other services on Amazon's website. *See* Dkt. # 1 at 4-7. But there are no similar allegations specific to Sherk.[5] *See Tingley v. Ferguson*, 47 F.4th 1055, 1069 (9th Cir. 2022) ("[A] party 'must assert [their] own legal rights and interests, and cannot rest [their] claim to relief on the legal rights or interests of third parties'").

Sherk "does not know the details of how she was enrolled in the monthly Audible subscription" nor does she allege to have signed up for Prime or another Amazon service around the time she was enrolled in Audible. Dkt. # 1 at 10. She knows that she never enrolled through

---

[5] Further, Sherk's alleges Audible made it difficult to unsubscribe and "often" continued to charge enrollees on payment methods on file with Amazon even when enrollees tried to unsubscribe. Dkt. # 1 at 3. But she does not allege that she had trouble disenrolling or that she had any problem of continued charges after disenrollment. *See* Dkt. # 1 at 10-11.

ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 7

Audible's website or app.[6]  She also alleges she "never affirmatively authorized Audible to enroll her," but even taking this as a factual rather than conclusory statement, without more does not support a plausible inference of unjust enrichment.  Sherk does not allege that she did not authorize Amazon to enroll her or, if she did, why that enrollment might still be unjust.  *See Mandarin Trading Ltd.*, 16 N.Y.3d at 182 (holding "there are no indicia of an enrichment that was unjust where the pleadings failed to indicate a relationship between the parties that could have caused reliance or inducement"); *see also Twombly*, 550 U.S. at 557 ("a conclusory allegation of [a necessary underlying fact] at some unidentified point does not supply facts adequate to show illegality").

As Sherk says, she did not need to assert the exact mechanism of how she became a member for her allegations to be plausible, as it seems likely that these facts are only in "the possession and control of the defendant."  *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017).  But Sherk's reliance on *Heck v. Amazon.com* to support this proposition ultimately fails.  In *Heck*, this Court found:

> Plaintiff has pleaded sufficient additional facts about the circumstances by which she became subscribed to Audible and her choice of "FREE No-Rush Shipping" to put Defendants on notice of their particular conduct at issue and render the claims plausible.  Plaintiff alleges that she never signed up for Audible, and yet found out that she was subscribed, and her credit card had been charged for four months.

2024 WL 248712, at *3-4 (W.D. Wash. Jan. 23, 2024).[7]  Similar to the plaintiff in *Heck*, the Sherk alleges she never signed up for Audible and only discovered the membership later.  But in

---

[6] The Court denies Audible's request for judicial notice.  The link to Amazon's website is a live site that can be changed at any time and does not speak to Sherk's experience when she was enrolled in Audible in 2020.  *See* Fed. R. Evid. 201(b); *cf. Heinz v. Amazon.com Inc.,* 2024 WL 2091108, at *3 (W.D. Wash. May 8, 2024) (taking judicial notice of images capturing Amazon's conditions of use "as they appeared" on relevant dates of use).

[7] On this issue, the two other cases Audible cites are inapt.  Audible says that "similar conclusory allegations in *Viveros* and *McCarthy* were insufficient to survive motions to dismiss."  Dkt. # 37 at 11.

*Heck*, plaintiff alleged facts and submitted exhibits showing her purchases on Amazon and opting into an Amazon program that she alleged caused her enrollment in Audible without her knowledge.  Sherk's barebones statement that she "does not know the details of how she was enrolled in the monthly Audible subscription" do not give rise to the same inference of wrongdoing or injustice that might support a claim for unjust enrichment.  *See* Dkt. # 1 at 10; *see Donachy*, 2012 WL 869007, at *8-9.

Sherk's reading of the caselaw that the pleading standard can be satisfied "simply by alleging that the defendant received and unjustly retained a benefit at the expense of the plaintiffs" is incorrect as it misses a key element—a complaint must be supported by factual allegations that would support a finding for each element of the claim, not just conclusory recitations of the claim inserting the parties names.[8]  Dkt. # 38 at 15; *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a

---

This mischaracterizes the cases.  In *Viveros,* for the claims Audible points to, the court dismissed because Audible's disclosures complied with California state law, not because the plaintiff's complaint contained conclusory allegations.  *Viveros v. Audible, Inc.*, 2023 WL 6960281, at *7-8 (W.D. Wash. Oct. 20, 2023).  In *McCarthy*, the court found that the plaintiff failed to state a claim for unjust enrichment because the allegations were insufficient to establish the underlying causes of action for statutory violations of deceptive practices and false advertising, but the court made no finding—or even suggestion—of conclusory allegations in the pleadings.  *McCarthy v. Amazon.com*, Inc., 2023 WL 5793316, at *4 (W.D. Wash. Sept. 7, 2023), aff'd, 2024 WL 4589081 (9th Cir. Oct. 28, 2024).

[8] Sherk claims this minimal showing would satisfy Federal Rules of Civil Procedure Rule 9(b)'s heightened pleading standard.  Dkt. # 38 at 11.  Because the complaint does not meet the plausibility standard, the Court need not consider whether Rule 9(b)'s heightened standard applies.  Notably, other courts in this District have applied the heightened standard in similar cases.  *See, e.g.*, *Ferrie v. Woodford Rsch., LLC*, 2020 WL 3971343, at *13 (W.D. Wash. July 14, 2020) (finding plaintiff's "unjust enrichment claim depend[ed] on [their] allegations of intentional concealment of information to establish unjust circumstances; Rule 9(b) therefore applies."); *see also In re Amazon Serv. Fee Litig.*, 2024 WL 3460939, at *5 (W.D. Wash. July 18, 2024), aff'd, No. 24-5176, 2025 WL 2268252 (9th Cir. Aug. 8, 2025) (applying Rule 9(b) where plaintiff alleged defendant "intentionally deceive[d] its customers" "[e]ven though fraud is not a necessary element of the claim").

ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 9

complaint, they must be supported by factual allegations"). As currently pleaded, it is only "a sheer possibility" that Audible acted unlawfully, and the pleading standard requires more. *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096-97 (9th Cir. 2017) (where falsehood was an essential element of the claim, "the failure to allege specific facts pointing to actual falsehood constitutes a fatal flaw"). Because the pleadings fail to allege facts to support the claim, the motion to dismiss must be granted.

## IV

### CONCLUSION

For all these reasons, the Court GRANTS the motion and DISMISSESS the two claims for unjust enrichment under New Jersey and New York law without prejudice. The Court GRANTS Plaintiff leave to amend the complaint by April 6, 2026.

Dated this 16th day of March, 2026.

John H. Chun
United States District Judge

ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 10